1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10   TIMOTHY MARVIN SANTOS,

11           Plaintiff,                No. CIV S-03-2525 GEB KJM P

12      vs.

13   SHASTA COUNTY SHERIFF'S
     DEPARTMENT, et al.,               ORDER AND
14
             Defendants.               FINDINGS & RECOMMENDATIONS
15
     _____/
16

17           Plaintiff is a county jail inmate proceeding pro se with a civil rights action under

18   42 U.S.C. § 1983.  Defendants McQuillan and Kent have filed a motion for summary judgment.

19   I.  Standards For Summary Judgment

20           Summary judgment is appropriate when it is demonstrated that there exists "no

21   genuine issue as to any material fact and that the moving party is entitled to a judgment as a

22   matter of law."  Fed. R. Civ. P. 56(c).

23   /////

24   /////

25   /////

26   /////

                                         1

1     Under summary judgment practice, the moving party

2   always bears the initial responsibility of informing the district court
    of the basis for its motion, and identifying those portions of "the
3   pleadings, depositions, answers to interrogatories, and admissions
    on file, together with the affidavits, if any," which it believes
4   demonstrate the absence of a genuine issue of material fact.

5 Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).  "[W]here the

6 nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary

7 judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers

8 to interrogatories, and admissions on file.'"  Id.  Indeed, summary judgment should be entered,

9 after adequate time for discovery and upon motion, against a party who fails to make a showing

10 sufficient to establish the existence of an element essential to that party's case, and on which that

11 party will bear the burden of proof at trial.  See id. at 322.  "[A] complete failure of proof

12 concerning an essential element of the nonmoving party's case necessarily renders all other facts

13 immaterial."  Id.  In such a circumstance, summary judgment should be granted, "so long as

14 whatever is before the district court demonstrates that the standard for entry of summary

15 judgment, as set forth in Rule 56(c), is satisfied."  Id. at 323.

16    If the moving party meets its initial responsibility, the burden then shifts to the

17 opposing party to establish that a genuine issue as to any material fact actually does exist.  See

18 Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  In attempting to

19 establish the existence of this factual dispute, the opposing party may not rely upon the

20 allegations or denials of its pleadings but is required to tender evidence of specific facts in the

21 form of affidavits, and/or admissible discovery material, in support of its contention that the

22 dispute exists.  See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11.  The opposing party

23 must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome

24 of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248

25 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir.

26 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could

1  return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433,

2  1436 (9th Cir. 1987).

3          In the endeavor to establish the existence of a factual dispute, the opposing party

4  need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the

5  claimed factual dispute be shown to require a jury or judge to resolve the parties' differing

6  versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631.  Thus, the "purpose of summary

7  judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a

8  genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory

9  committee's note on 1963 amendments).

10          In resolving the summary judgment motion, the court examines the pleadings,

11  depositions, answers to interrogatories, and admissions on file, together with the affidavits, if

12  any.  Fed. R. Civ. P. 56(c).  The evidence of the opposing party is to be believed.  See Anderson,

13  477 U.S. at 255.  All reasonable inferences that may be drawn from the facts placed before the

14  court must be drawn in favor of the opposing party.  See Matsushita, 475 U.S. at 587.

15  Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to

16  produce a factual predicate from which the inference may be drawn.  See Richards v. Nielsen

17  Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir.

18  1987).  Finally, to demonstrate a genuine issue, the opposing party "must do more than simply

19  show that there is some metaphysical doubt as to the material facts . . . .  Where the record taken

20  as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no

21  'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

22          On September 2, 2004, the court advised plaintiff of the requirements for

23  opposing a motion under Rule 56 of the Federal Rules of Civil Procedure.  See Rand v. Rowland,

24  154 F.3d 952, 957 (9th Cir. 1998) (en banc),  cert. denied, 527 U.S. 1035 (1999); Klingele v.

25  Eikenberry, 849 F.2d 409 (9th Cir. 1988).

26  /////

1  II.  The Instant Motion

2          In his verified complaint, plaintiff alleges that defendant McQuillan, a Shasta

3  County Sheriff's Deputy, stopped plaintiff's truck on the basis of a cracked windshield and

4  eventually searched the truck after calling additional deputies and a drug-sniffing dog.  Plaintiff

5  claims that defendant Kent, another sheriff's deputy, along with McQuillan prepared a false

6  police report about the traffic stop.  Amended Complaint, Statement of Claim (SOC) at 1-2.

7          Defendants McQuillan and Kent have filed a motion for summary judgment,

8  claiming that the search has been found to be legal after a hearing on a motion to suppress in

9  Shasta County Superior Court (a "1538.5[1] motion") and plaintiff is thus estopped from

10  relitigating the issue here; that the "dog sniff" of the exterior of the truck is not a search and the

11  dog's alerting gave deputies probable cause to search the truck; and that defendant Kent was not

12  present during the search but arrived later.  Defendants have asked the court to take judicial

13  notice of portions of the state court record in plaintiff's underlying criminal case.

14      A.  Collateral Estoppel

15              A fundamental precept of common-law
                adjudication, embodied in the related doctrines of
16              collateral estoppel and res judicata, is that a right,
                question or fact distinctly put in issue and directly
17              determined by a court of competent jurisdiction . . .
                cannot be disputed in a subsequent suit between the
18              same parties or their privies.  Under res judicata, a
                final judgment on the merits bars further claims by
19              parties or their privies based on the same cause of
                action.  Under collateral estoppel, once an issue is
20              actually and necessarily determined by a court of
                competent jurisdiction, that determination is
21              conclusive in subsequent suits based on a different
                cause of action involving a party to that prior
22              litigation.

23  Montana v. United States, 440 U.S. 147, 153 (1979) (internal citations and quotations omitted).

24  The doctrines of collateral estoppel and res judicata apply in civil rights actions under 42 U.S.C.

25  _____

26          [1]  Referencing California Penal Code section 1538.5.

§ 1983 when the constitutional claim is based on the same alleged act or omission that was the subject of a state court action, and when the state court would give preclusive effect to its own judgment. Allen v. McCurry, 449 U.S. 90, 105 (1980); Migra v. Warren City School District Board, 465 U.S. 75, 81 (1984); Valley Wood Preserving, Inc. v. Paul, 785 F.2d 751, 753 (9th Cir. 1986).

In California,

> collateral estoppel has been found to bar relitigation of an issue decided at a previous proceeding if (1) the issue necessarily decided at the previous [proceeding] is identical to the one which is sought to be relitigated; (2) the previous [proceeding] resulted in a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the prior [proceeding].

People v. Sims, 32 Cal.3d 468, 484 (1982), superseded by statute on other grounds as stated in People v. Preston, 43 Cal.App.4th 450 (4th Dist. 1996) (brackets in original; internal quotation omitted); see also Maldonado v. Harris, 370 F.3d 945, 952 (9th Cir. 2004), cert. denied sub. nom Kempton v. Maldonado, ___ U.S. ___, 125 S. Ct. 1725 (2005) (discussing California's "primary rights" doctrine of claim preclusion).  California courts have recognized that a party may be estopped from reasserting issues determined in a motion to suppress evidence under California Penal Code § 1538.5.  McGowan v. City of San Diego, 208 Cal.App.3d 890, 896-97 (4th Dist. 1989); see also Ayers v. City of Richmond, 895 F.2d 1267, 1271 (9th Cir. 1990).

Defendants have asked the court to take judicial notice of the complaint, plaintiff's motion to suppress evidence, the people's opposition, and portions of the reporter's transcript of the hearing on the motion to suppress evidence, all in People v. Timothy Marvin Santos, Shasta County Superior Court, Case No. 03-6857.  Although none of these documents are authenticated, there appears to be no dispute over their authenticity.  See Fed. R. Evid. 902(4); Fed. R. Evid. 201(b) ("a judicially noticed fact must be one not subject to reasonable dispute in that it is . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned"); Lee v. City of Los Angeles, 250 F.3d 668, 690 (9th

1   Cir. 2001) (court may take judicial notice of the existence of another court's opinion, which is

2   not subject to reasonable dispute over its authenticity); MGIC Indemnity Corporation v.

3   Weisman, 803 F.2d 500, 504 (9th Cir. 1986) (judicial notice of motion to dismiss in another

4   case).

5           Consideration of these documents, however, does not show defendants are entitled

6   to rely on the doctrine of collateral estoppel in this case.  In a supplemental declaration, counsel

7   for defendants notes that plaintiff's criminal trial had been set for September 2005.  She has filed

8   nothing since then suggesting that the criminal proceedings, including any appeal, have

9   concluded.  In this case, because there is no showing that the determination reached in the state

10  trial court is final, collateral estoppel will not apply.  Lombardi v. City of El Cajon, 117 F.3d

11  1117, 1121-22 (9th Cir. 1997) (suppression rulings under section 1538.5, if not followed by

12  conviction or acquittal, are without collateral estoppel effect in a subsequent civil suit); Heath v.

13  Cast, 813 F.2d 254, 258 (9th Cir. 1987) (same).

14          B.  The Dog Sniff

15          The parties agree that at some point, a deputy with a drug-detecting dog arrived

16  after plaintiff's traffic stop.  Mem. P. & A. in Supp. Motion For Summary Judgment (MSJ),

17  Declaration of Chris McQuillan (McQuillan Decl.) ¶¶ 12, 19; SOC at 2.  Defendants rely on

18  recent United States Supreme Court authority to argue that a dog sniff does not implicate

19  constitutional rights and that after the dog alerted, officers had probable cause to search the

20  truck's interior.  MSJ at 9.

21          In Illinois v. Caballes, 543 U.S. 405, ___, 125 S.Ct. 834, 838 (2005), the Supreme

22  Court held that a dog sniff of the exterior of a car lawfully stopped, conducted within a

23  reasonable time of the initial stop, did not violate the Fourth Amendment.  Nevertheless,

24  Caballes does not resolve all the issues in this case.

25          What remains, and what precludes summary judgment on the record before the

26  court, is a dispute about the legality of the initial stop.  In his declaration, defendant McQuillan

6

1   says that he made the initial traffic stop of plaintiff's truck because the windshield was cracked, a

2   potential violation of California Vehicle Code section 26710.  McQuillan Decl.  ¶¶ 3, 4.  A traffic

3   stop is lawful if it is based on a reasonable suspicion that the driver has violated the Vehicle

4   Code or committed some other offense.  People v. Bell, 43 Cal.App.4th 754, 761 (4th Dist.

5   1996).

6          Plaintiff, however,  avers that his windshield was not cracked and argues that the

7   initial stop was not lawful.  SOC at 1; Opposition to MSJ (Opp'n) at 3 (submitted under penalty

8   of perjury);[2] see Schroeder v. McDonald, 55 F.3d 454, 460 (9th Cir. 1995) (court may consider

9   verified complaint as affidavit in opposition to motion for summary judgment, so long as it is

10  based on personal knowledge).  Caballes does not aid defendants unless the initial stop was

11  lawful, a material matter that is in dispute.

12      C.  Defendant Kent's Participation

13         In his verified complaint, plaintiff alleges that defendant Kent prepared a perjured

14  police report about the incident leading to plaintiff's arrest.  SOC at 1.  Defendants argue that

15  defendant Kent is entitled to judgment as a matter of law because he arrived at the scene only

16  after the search of plaintiff's truck had been completed.  MSJ at 10-11; McQuillan Decl. ¶ 29.

17         A police officer violates a person's civil rights if he "creates false information"

18  likely to influence a factfinder and "forwards that information to prosecutors."  Ricciuti v.

19  N.Y.C. Transit Auth., 124 F.3d 123, 130 (2d Cir. 1997); see also Hedges v. Poletis, 177 F.3d

20  1071, 1074 (8th Cir. 1999).  Liberally read, the complaint in this case alleges just that.

21  Defendant Kent has not addressed, much less eliminated any dispute regarding, this claim.

22         IT IS HEREBY ORDERED that defendants' June 20, 2005 request for judicial

23  notice is granted.

24  /////

25

26         [2]  Plaintiff also has provided pictures of the windshield, but they are not properly
    authenticated.  Opp'n at 15-18 & Attach.  The court thus will not consider them.

                                           7

1       IT IS HEREBY RECOMMENDED that defendants' motion for summary

2 judgment be denied.

3       These findings and recommendations are submitted to the United States District

4 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

5 days after being served with these findings and recommendations, any party may file written

6 objections with the court and serve a copy on all parties.  Such a document should be captioned

7 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

8 shall be served and filed within ten days after service of the objections.  The parties are advised

9 that failure to file objections within the specified time may waive the right to appeal the District

10 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

11 DATED:   February 6, 2006.

12

13

14                           UNITED STATES MAGISTRATE JUDGE

15

16

2 sant2525.57

17

18

19

20

21

22

23

24

25

26