IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TIMOTHY MARVIN SANTOS,

    Plaintiff,                    Civ. No. S-03-2525 GEB KJM P

    vs.

SHASTA COUNTY SHERIFF'S DEPARTMENT, et al.,

    Defendants.              FINDINGS AND RECOMMENDATIONS

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On March 9, 2009, defendants filed a motion for summary judgment. On September 2, 2004, the court advised plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. See Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc) and Klingele v. Eikenberry, 849 F.2d 409, 411-12 (9th Cir. 1988). In that same order, plaintiff was advised of the requirements for filing an opposition to the pending motion and that failure to oppose such a motion might be deemed a waiver of opposition to the motion.

        On June 24, 2009, plaintiff was given an extension of time in which to file his opposition within thirty days. In the same order, plaintiff was informed that failure to file an opposition would result in a recommendation that this action be dismissed pursuant to Fed. R.

1

Civ. P. 41(b).  The thirty day period has now expired and plaintiff has not responded to the court's order.

"Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."  Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992).  "In determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors including:  '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'"  Ferdik, 963 F.2d at 1260-61 (quoting Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986)); see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).

In determining to recommend that this action be dismissed, the court has considered the five factors set forth in Ferdik.  Here, as in Ferdik, the first two factors strongly support dismissal of this action.  The action has been pending for six years and has reached the stage, set by the court's subsequent scheduling order issued in connection with the stay of proceedings, for resolution of dispositive motions and, if necessary, preparation for pretrial conference and jury trial.  (See Scheduling Order, filed 4/1/2008.)  Plaintiff's failure to comply with the Local Rules and the court's June 24, 2009 order suggests that he has abandoned this action and that further time spent by the court thereon will consume scarce judicial resources in addressing litigation which plaintiff demonstrates no intention to pursue.

The fifth factor also favors dismissal.  The court has advised plaintiff of the requirements under the Local Rules and granted ample additional time to oppose the pending motion, all to no avail.  The court finds no suitable alternative to dismissal of this action.

Under the circumstances of this case, the third factor, prejudice to defendants from plaintiff's failure to oppose the motion, should be given little weight.  Plaintiff's failure to oppose the motion does not put defendants at any disadvantage in this action.  See Ferdik, 963

1  F.2d at 1262.  Indeed, defendants would only be "disadvantaged" by a decision by the court to
2  continue an action plaintiff has abandoned.  The fourth factor, public policy favoring disposition
3  of cases on their merits, weighs against dismissal of this action as a sanction.  However, for the
4  reasons set forth supra, the first, second, and fifth factors strongly support dismissal and the third
5  factor does not mitigate against it.  Under the circumstances of this case, those factors outweigh
6  the general public policy favoring disposition of cases on their merits.  See Ferdik, 963 F.2d at
7  1263.

8  For the foregoing reasons, IT IS HEREBY RECOMMENDED that this
9  action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

10  These findings and recommendations are submitted to the United States District
11  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
12  days after being served with these findings and recommendations, any party may file written
13  objections with the court and serve a copy on all parties.  Such a document should be captioned
14  "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised
15  that failure to file objections within the specified time may waive the right to appeal the District
16  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
17  DATED: August 4, 2009.

_____
U.S. MAGISTRATE JUDGE

23  2
24  sant2525.46fr